UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GAYNOR M. IWATSURU, et al.,<br>　　　Plaintiffs,<br>v.<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>　　　Defendant. | Case No. 2:21-cv-01283-JAD-NJK<br>**Order**<br>[Docket Nos. 36, 37] |

Pending before the Court is Defendant's motion to strike late-disclosed damages. Docket No. 37.[1] Plaintiff Iwatsuru filed a response in opposition. Docket No. 41. Defendant filed a reply. Docket No. 45. Also pending before the Court is Defendant's motion for spoliation sanctions. Docket No. 36. Plaintiff Iwatsuru filed a response in opposition. Docket No. 40. Defendant filed a reply. Docket No. 44. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the motions are both **DENIED**.

**I.　BACKGROUND**

This is an insurance action arising out of a hit-and-run accident. *See* Docket No. 1-1. On August 27, 2021, Plaintiff Iwatsuru served an initial disclosure identifying past medical damages as $141,348.33 and future damages as "TBD." Docket No. 37-2 at 18-19. In September 2021, Defendant began requesting a medical examination of Plaintiff Iwatsuru. *See* Docket No. 37-10. On December 7, 2021, Plaintiff Iwatsuru underwent a second back surgery. *See* Docket No. 41-1 at ¶ 21. Plaintiff did not inform her attorneys of this surgery until after it was completed. Docket No. 41-1 at ¶ 20. On March 3, 2022, Defendant first discovered this second surgery during Plaintiff Iwatsuru's deposition. *See* Docket No. 37-13 at 4-5. On March 21, 2022, Plaintiff supplemented

---

[1] The Court cites herein to the pagination provided by CMECF, which may differ from the native pagination in the parties' filings.

1

her initial disclosures to reflect the second surgery.  Docket No. 41-6 at 18.  Discovery closed on June 27, 2022.  Docket No. 19.

On July 25, 2022, Defendant filed a motion for partial summary judgment predicated on Plaintiff's alleged spoliation and alleged disclosure violation.  *See* Docket No. 28.  On December 14, 2022, that motion was denied without prejudice.  Docket No. 34.  On January 11, 2023, Defendant renewed its motion to strike, Docket No. 37, and its motion for spoliation sanctions, Docket No. 36.  In both motions, Defendant seeks to exclude roughly $300,000 from the damages that Plaintiff Iwatsuru may seek in this case.  *See* Docket No. 37 at 5; Docket No. 36 at 5; *see also* Docket No. 41-6 at 18.  Those are the motions currently before the Court.

## II.    MOTION TO STRIKE

### A.    Standards

Rule 26(a)(1)(A) requires parties to provide initial disclosures to the opposing parties without awaiting a discovery request.  The disclosures must include a computation of each category of damages claimed by the disclosing party.  Fed. R. Civ. P. 26(a)(1)(A)(iii).  "While a party may not have all of the information necessary to provide a computation of damages early in the case, it has a duty to diligently obtain the necessary information and prepare and provide its damages computation within the discovery period."  *Jackson v. United Artists Theatre Cir., Inc.*, 278 F.R.D. 586, 593 (D. Nev. 2011).[2]  A party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  Whether a supplement is "timely" turns on whether the timing of the supplement is reasonable based on when the information was available to the plaintiff.  *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241

---

[2] As a corollary, "[c]ourts are more likely to exclude damages evidence when a party first discloses its computation of damages shortly before trial or substantially after discovery has closed."  *Id.* at 594.

(D. Nev. 2017).[3]  The party seeking to exclude damages as untimely disclosed bears the initial burden of establishing that the opposing party violated the disclosure requirements established in Rule 26.  *Id.*[4]

B. Analysis

Defendant has not met its initial burden of establishing a disclosure violation in this case. The record as presented indicates that Plaintiff Iwatsuru did not provide advanced notice of the second surgery to her attorney, Docket No. 41-1 at ¶ 20, or to defense counsel, Docket No. 37 at 2.  Defendant's motion is otherwise based on speculation as to the circumstances of the lack of earlier disclosure.  *See, e.g.*, Docket No. 37 at 13 (stating without citation to the record that, "[a]t some point prior to December 2021, . . . Plaintiff became aware that she intended to undergo a second surgery").[5]  Moreover, there is no dispute that the supplemental damages computation and supporting records from the second surgery were provided on March 22, 2022, shortly after the records were received from the medical providers, *see* Docket No. 41-1 at ¶¶ 21-22; *see also* Docket No. 37 at 2, which was more than three months before the discovery cutoff, *see* Docket No. 19.  Defendant has otherwise failed to fill in the factual gaps to form a record from which the Court could find that Plaintiff was required to disclose these damages at an earlier time before her second surgery.  As such, Defendant has not met its initial burden of showing that the supplemental disclosure at issue was not reasonable based on when the subject information was available to the

---

[3] Defendant at times suggests that there is a bright line rule that a plaintiff must not disclose damages for future damages at or near the expert disclosure deadline.  *See* Docket No. 37 at 11. There is no such bright line rule.  The key inquiry is whether the timing of the supplemental disclosure is reasonable based on when the information was available to the plaintiff.  *Silvagni*, 320 F.R.D. at 241.

[4] If the movant meets that initial burden, then the burden shifts to the noncompliant party to establish substantial justification or harmlessness.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

[5] Defendant contends that it was precluded from obtaining pertinent testimony regarding the second surgery during Plaintiff Iwatsuru's deposition given a lack of advanced notice.  *See* Docket No. 37 at 5.  Nonetheless, Defendant does not explain why it could not obtain pertinent discovery by seeking a second deposition of Plaintiff Iwatsuru, *see* Fed. R. Civ. P. 30(a)(2)(A)(ii), or by propounding interrogatories or other written discovery, *see* Fed. R. Civ. P. 33(a)(2).

plaintiff and, by extension, that Plaintiff Iwatsuru violated her disclosure obligations.[6] Accordingly, the motion to strike the supplemental damages disclosure will be denied.

### III.     MOTION FOR SPOLIATION SANCTIONS

#### A.     Standards

Spoliation of evidence involves the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). The bare fact that evidence was not preserved does not necessarily mean that the party engaged in sanction-worthy spoliation. *Scalia v. Cnty. of Kern*, 576 F. Supp. 3d 703, 711-12 (E.D. Cal. 2021). The imposition of spoliation sanctions requires, *inter alia*, some degree of culpability on the part of the opposing party. *In re Napster*, 462 F.Supp.2d 1060, 1078 (N.D. Cal. 2006). The harshest spoliation sanctions, such as dismissal, are only appropriate where "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir, 2006) (citing *Anheuser-Busch, Inc. v. Nat. Beverage Distrs.*, 69 F.3d 337, 348 (9th Cir. 1995)). With respect to an exclusionary sanction for spoliation,[7] the Ninth Circuit has made clear that such relief may be denied even though the loss of evidence was "careless." *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (indicating that the lower court "was well within its discretion" to deny exclusionary spoliation sanction based on careless conduct); *see also Medical Lab. Mgmt. Consultants v. Am. Broad. Cos.*, 306 F.3d 806, 823-24 (9th Cir. 2002) (affirming rejection of adverse inference jury instruction for evidence that was lost accidentally or for an innocent reason). "[D]eciding whether a party engaged in sanctionable spoliation is a fact-intensive decision that is generally made upon *a full record*."

---

[6] Defendant infers that the inability to schedule an independent medical examination or to depose Plaintiff Iwatsuru before the second surgery shows that Plaintiff Iwatsuru and her counsel had a nefarious intent to hide her medical condition. *See, e.g.*, Docket No. 37 at 7-8, 9-10 (casting the discussions between counsel on the independent medical examination and deposition scheduling as a purposeful attempt to obstruct Defendant's ability to obtain pertinent discovery). The Court has not been persuaded to make that inferential leap.

[7] Defendant clarifies that the sole remedy it seeks for the alleged spoliation is the exclusion of damages evidence and argument. Docket No. 36 at 12.

4

*PlayUp, Inc. v. Mintas*, 2022 WL 4985098, at *1 (D. Nev. Sept. 2, 2022) (emphasis in original). The party seeking spoliation sanctions bears the burden to establish the elements of its request. *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 766 (9th Cir. 2015); *see also Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 626 (C.D. Cal. 2013).

B.    Analysis

The Court is not persuaded that Defendant has met its burden of establishing sufficient fault to warrant exclusionary sanctions against Plaintiff for failing to preserve her back condition by undergoing a second surgery. The record as presented indicates that Plaintiff Iwatsuru did not provide advanced notice of the second surgery to her attorney, Docket No. 41-1 at ¶ 20, or to defense counsel, Docket No. 37 at 2. Moreover, the record shows that Defendant had sought to schedule Plaintiff Iwatsuru's deposition and independent medical examination, but neither occurred prior to the second surgery. *See, e.g.*, Docket No. 37-10. While transparency and good litigation practices would entail advanced notice of this second surgery, which is what happened prior to Plaintiff Iwatsuru's first surgery, *see* Docket No. 36-7, Defendant has not provided a factual record from which the Court can discern a culpable state of mind by Plaintiff Iwatsuru in failing to do so here.[8] As such, Defendant has not met its burden of showing that Plaintiff Iwatsuru's failure to preserve her back condition by undergoing surgery constitutes spoliation worthy of an exclusionary sanction. Accordingly, the motion to strike damages will be denied.

---

[8] Plaintiff Iwatsuru's papers indicate that she "was in a lot of pain, her treating physician recommended surgery, and she needed to get it done before the end of the year. She was under no belief at the time that she needed to obtain State Farm's permission to obtain necessary treatment in an emergent situation." Docket No. 40 at 7. These representations of innocent intent or, perhaps, carelessness are not supported by citation to the record, so the Court will not rely on them in judging whether Plaintiff was culpable in failing to preserve her back condition. At bottom, however, it is <u>Defendant's burden</u> to present a record establishing sanctionable spoliation. *Reinsdorf*, 296 F.R.D. at 626. As noted above, although Defendant may have lacked advance notice of these issues before deposing Plaintiff Iwatsuru, the discovery period remained open at that time and it is not clear whether a second deposition or written discovery was sought to plumb these issues. Regardless, Defendant has not provided a record from which to conclude that Plaintiff Iwatsuru's failure to provide advanced notice of her second surgery was anything other than careless, innocent, or accidental.

5

## IV. CONCLUSION

For the reasons discussed more fully above, the motion to strike late-disclosed damages and the motion for spoliation sanctions are both **DENIED**.

IT IS SO ORDERED.

Dated: February 22, 2023

                                                  Nancy J. Koppe
                                                  United States Magistrate Judge